UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT A. MERRITT,

    *Plaintiff*,　　　　　　　　　　CASE NO: 12-CV-12903

v.　　　　　　　　　　　　　　　　DISTRICT JUDGE THOMAS LUDINGTON
　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE CHARLES BINDER
LEXIS NEXIS,

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.　RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because the complaint fails to state a claim upon which relief can be granted.

**II.　REPORT**

    **A.　Introduction**

On July 2, 2012, Plaintiff Scott A. Merritt, filed this *pro se* action. The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 5.) Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). (Doc. 8.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

**B.     Screening Procedure & Governing Law**

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

The Sixth Circuit has "held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal." *Cantley v. Armstrong*, No. 09-1092, 2010 WL 3245548, at * 1 (6th Cir. Aug. 17, 2010) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)). *See also Shorter v. Campbell*, 59 Fed. App'x 673, 675 (6th Cir. 2003) ("As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal.") This rule is strictly followed in this district. *See Ashley v. Wilson*, No. 10-10512, 2010 WL 1246525, at *1 (E.D. Mich. March 25, 2010); *Corrion v. Ludwick*, No. 09-11531, 2009 WL 3273737, at *1 (E.D. Mich. Oct. 13, 2009); *McGore v. Lutz*, No. 09-13031, 2009 WL 2959874, at *1 (E.D. Mich. Sept. 11, 2009). Furthermore, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his objections to a report and recommendation. *Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008).

### C.     The Complaint

Since the complaint in this case is a long narrative with no citation to statutes or constitutional provisions, it is unclear what basis Plaintiff posits for federal court jurisdiction, although Plaintiff's cover sheet references federal question jurisdiction. (Doc. 1 at 2.) I note that since Defendant Lexis Nexis is a division of the Reed Elsevier Group, PLC, which is registered in the United Kingdom, and since Lexis Nexis appears to have its world headquarters in New York, it is more likely that diversity jurisdiction would provide the basis for federal jurisdiction. 28 U.S.C. § 1332.  Plaintiff complains that

> during a prior review of my lexis nexis file, numerous erroneous and extremely damaging falsehoods were found all items were subsequently removed once proven

false following congressional intervention who then contacted NCIC, FBI, SECRET SERVICE and numerous other agencies. It was determined that the file in question were not mine and were removed. These have subsequently reappeared several times in spite the aforementioned removal. It has been determined that this false information is not being disseminated any other agency other than lexis nexis which has been notified that the information listed blow is not mine. They have continued to act with malicious and tortious intent and have caused me extreme emotional and financial distress. Additionally they have disseminated these falsehoods to third parties and acted with blatent willful blindness errors include some variations as follows: SCOTT MERRITT, SCOTT A. MERRITT, false phone numbers such as 989 835-6424, false address such as 1800 S. EUCLID AVE 2 BAY CITY, MI 48706-3494 and no insurance claim submitted, required to be removed, multiple name variations, false address of 2012 WISCONSIN STREET 3, MIDLAND, MI 48642 false felony listings all of which were previously removed and only lexis nexis is continuing to disseminate these falsehoods. Employment information claiming false address noted above, false item noted is midland county. Again these items were previously removed at the behess of congressman and determined do not match me I have suffered extremely in terms of lost contract and related business opportunities due to presence of these falsehoods.

(Doc. 1 at 1-3.)

**D.     Analysis & Conclusions**

Construing the complaint most liberally, Plaintiff sets forth allegations sounding in defamation, i.e., that false statements about him were disseminated online by Lexis Nexis and that these falsities caused harm to his reputation.[1] Plaintiff further complains that Lexis Nexis continued to publish the false information until it was pressured by public authorities to do so.

"Internet publishers are treated differently from corresponding publishers in print, television and radio." *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122 (9th Cir. 2003). The Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1) "precludes courts from

---

[1] The elements of a cause of action for defamation in Michigan are: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod). *Burden v. Elias Bros. Big Boy Restaurants*, 240 Mich. App. 219, 221, 480 N.W.2d 326 (1991).

4

entertaining claims that would place a computer service provider in a publisher's role," and therefore bars "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions - such as deciding whether to publish, withdraw, postpone, or alter content." *Zeron v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997); *accord Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc); *Carafano*, 339 F.3d at 1122 ("Through [section 230 of the CDA], Congress granted most internet services immunity from liability for publishing false or defamatory material so long as the information was provided by another party."); *Ben Ezra, Weinstein & Co. v. America Online, Inc.*, 206 F.3d 980, 986 (10th Cir. 2000) ("Congress clearly enacted § 230 to forbid the imposition of publisher liability on a service provider for exercise of its editorial and self-regulatory functions.").

Since Plaintiff's complaint charges Lexis Nexis with having published, and continued to publish false information until pressured by authorities to remove the information, he attempts to hold Lexis Nexis "liable for decisions relating to the monitoring, screening, and deletion of content from its network - actions quintessentially related to a publisher's role" and "Section 230 'specifically proscribes liability' in such circumstances." *Green v. America Online (AOL)*, 318 F.3d 465, 471 (3rd Cir. 2003) (citations omitted). Therefore, Plaintiff's claim falls squarely within the scope of the immunity provided by the CDA.

The final question is whether Lexis Nexis is an entity that is entitled to invoke the immunity of the CDA against Plaintiff's claims. I suggest that it is. The CDA defines "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or

5

educational systems." 47 U.S.C. § 230(f)(2). Lexis Nexis therefore falls within the scope of immunity granted under the CDA. *Gaston v. Facebook, Inc.,* No. 3:12-cv-0063-ST, 2012 WL 629868 (D. Or. Feb. 2, 2012) (screening complaint and recommending dismissal of defendants, including Lexis Nexis, based on CDA immunity).

Accordingly, I suggest that Plaintiff's complaint be *sua sponte* dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915e(2)(B).

### F. Conclusion

For the reasons stated above, I suggest that the case be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to state a claim upon which relief can be granted.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

6

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                 s/ Charles E. Binder
                                                 CHARLES E. BINDER
Dated: October 23, 2012                        United States Magistrate Judge

**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Scott A. Merritt, 2014 N. Saginaw Road #305, Midland, MI 48640.

Date:  October 23, 2012                       By    s/Patricia T. Morris
                                                              Law Clerk to Magistrate Judge Binder