UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT A. MERRITT,

        Plaintiff,                        Case No. 12-12903
                                                       Honorable Thomas L. Ludington

v.

LEXIS NEXIS,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

On December 27, 2012, Plaintiff Scott Merritt's complaint against Defendant Lexis Nexis was dismissed for failure to state a claim on which relief may be granted. On April 5, 2013, Plaintiff — after acquiring representation — filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. Plaintiff asserts that the Court "abused its discretion in not ordering a dismissal WITHOUT PREJUDICE and providing an opportunity for leave to amend." Pl.'s Mot. 2, ECF No. 18.

Rule 60 provides, in pertinent part, that a court may relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Here, Plaintiff has demonstrated no rationale entitling him to relief from the Court's judgment. The relief he requests — that he be granted leave to amend his complaint to remedy its deficiencies — is not warranted, and further, was specifically addressed by the December 27 Opinion & Order. *See* Dec. 27, 2012 Opinion & Order 9, ECF No. 15.

Plaintiff's application to proceed in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted. His application represented, under penalty of perjury, that he had no salary, only "straight commission" from Merritt Ventures, Inc. Further, Plaintiff represented he

had no checking account, savings account, or any interest in real estate, stocks, bonds, notes, vehicles, or other assets. Based on these representations, the Court permitted Plaintiff to proceed without the necessary $350 filing fee.

The granting of the application, however, also implicates § 1915(e)(2), which the Sixth Circuit has interpreted to mandate that a complaint filed by an individual "proceeding *in forma pauperis* be dismissed with prejudice if it is frivolous or fails to state a claim." *Hix v. Tennessee Dept. of Corrections*, 196 F. App'x 350, 354 (6th Cir. 2006) (citing § 1915(e)(2)). The rationale for the rule is simple enough — preventing a stream of meritless lawsuits — as plaintiffs proceeding *in forma pauperis* do not have to pay the filing fee implemented by Congress. Although § 1915 relates in great part to litigation brought by prisoners, as established by *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), "[t]he language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners." *Id*. at 608. The necessary conclusion is that Plaintiff's complaint, because it fails to state a claim for relief, must be dismissed with prejudice.

On April 5, 2013 attorney Joseph M. Wright entered an appearance on Plaintiff's behalf. In fact, Mr. Wright filed the immediate motion, arguing that Plaintiff's objections to Judge Binder's report "were sufficient to raise colorable and meritorious claims against Defendant." Pl.'s Mot. 6. Of course, a plaintiff cannot save a deficient complaint through objections to a report and recommendation. *See Williams v. Lowe*, No. 08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008). So Plaintiff's objections, contrary to his assertion, do not "give rise to a colorable cause of action."

Plaintiff's motion offers no reasonable result other than a dismissal of his complaint. Plaintiff acknowledges that "Pursuant to 28 U.S.C. 1915(e)(2)(B) the district court may not

- 3 -

permit the Plaintiff to amend his complaint to avoid *sua sponte* dismissal if a complaint fails to state a claim." Pl.'s Mot. 6. Nevertheless, without explanation, Plaintiff suggests that "[n]othing in 1915(e) precludes a district court form [sic] dismissing a complaint with leave to amend, i.e., WITHOUT PREJUDICE." *Id*. at 7.

Although Plaintiff ignores his own contrary assertion, this Court cannot. As he aptly points out, Sixth Circuit precedent precludes the Court from granting leave to amend after finding Plaintiff's complaint fails to state a claim entitling him to relief. His suggestion that "no clear statutory direction mandates dismissal with prejudice in this case" is simply incorrect, as he explains in his own brief. Until the Sixth Circuit says otherwise, this Court cannot abandon binding precedent and grant Plaintiff leave to amend his defective complaint when it was brought *in forma pauperis* pursuant to § 1915.

Accordingly, it is **ORDERED** that Plaintiff's motion for relief from judgment, ECF No. 18, is **DENIED**.

Dated: April 29, 2013    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 29, 2013.
    s/Tracy A. Jacobs
    TRACY A. JACOBS